IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TERRY DEE HAYES                                                                                           PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:14cv154-HSO-RHW

HUBERT DAVIS, *et al*.                                                                                DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This cause came before the Court for a duly noticed omnibus hearing scheduled for Tuesday, August 26, 2014 at 9:30 a.m. before United States Magistrate Judge Robert H. Walker in Courtroom 881 of the Dan M. Russell, Jr. Federal Building in Gulfport, Mississippi.  The docket reflects that on July 30, 2014 the order setting the hearing [18] was entered, and a copy of same was mailed to the *pro se* Plaintiff at his docket address.  On the same date, the Court issued [19] a writ of habeas corpus ad testificandum, which the Court sent via certified mail along with a copy of the order setting the hearing to SMCF II where Plaintiff was incarcerated.  SMCF II acknowledged receipt of the writ on August 4, 2014.  [20]

On August 11, 2014, the notice of filing and copy of order [18] mailed to Terry Hayes were returned to the clerk marked undeliverable, unable to forward.  The clerk immediately re-mailed the documents to Terry Hayes at the address noted on the envelope, New Way Transition Center, 916 Inge Street, Jackson, MS 39201.  [21]  On August 15, 2014, Plaintiff filed [22] a notice of change of address to New Way Transition Center, 916 Inge Street, Jackson, MS 39203. The notice mailed to Plaintiff at New Way Transition Center has not been returned to the Court, and is presumed to have been received by the Plaintiff.  Plaintiff has filed nothing further and has had no contact with the Court since August 15, 2014.

Information received from Kendra O'Quinn of the transportation department at SMCF, indicates it is the policy of the Mississippi Department of Corrections (MDOC) with regard to a prisoner released to a halfway house such as New Way Transition Center, to allow the individual furlough from the center to attend court, but the individual is responsible for providing his own transportation; the MDOC does not provide transportation for such individuals.  Counsel for the MDOC confirmed this is the official policy of the MDOC; upon receipt of notice to appear in court, it is up to the individual to request a furlough and arrange for his own transportation to court.  Although counsel for the Defendants appeared for the hearing at the appointed time, the Plaintiff did not appear, and has made no contact with the Court regarding the hearing.

Orders entered in this case have repeatedly warned Plaintiff that failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of his lawsuit.  See, Orders [3], [5], [6], [8], [12], and [14].

## RECOMMENDATION

Based on the foregoing, it is the opinion of the undersigned that Plaintiff has either wilfully failed to advise the Court of his current address, or that he has willfully ignored the notice of the August 26, 2014 hearing.  Accordingly, the United States Magistrate Judge recommends that  Plaintiff's cause of action be dismissed for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District

Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 27th day of August, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE